IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | : | Chapter 7 |
| | : | |
| JAMES M. KAMARA, | : | Bankr. No. 10-12766-BLS |
| | : | Adv. Pro. No. 10-55491-BLS |
| Debtor. | : | |
| | : | |
| WATCHEN NELSON and | : | |
| ANDRE DASTINOT, | : | |
| | : | |
| Appellants, | : | |
| v. | : | C.A. No. 13-048-LPS |
| | : | |
| JAMES M. KAMARA | : | |
| | : | |
| Appellee. | : | |

**MEMORANDUM**

## I.  INTRODUCTION

Appellants Watchen Nelson and Andrew Dastinot (together "Appellants") filed a notice of appeal from an Order entered in the United States Bankruptcy Court for the District of Delaware, denying and dismissing Appellants' adversary proceeding to deny discharge of Debtor/Appellee James M. Kamara's ("Appellee") debts pursuant to 11 U.S.C. §§ 523 and 727. (D.I. 1) On December 9, 2013, Appellants filed a Fed. R. Civ. P. 25(a) Suggestion of Death for *pro se* Appellee who died on November 1, 2013. (D.I. 24)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 25(a) provides for substitution following the death of party, stating in relevant part as follows:

1

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Under the plain language of Rule 25(a), two contingencies must occur for the 90-day period to commence. First, the notice of death must be made upon the record and second, the suggestion of death must be served upon the parties, as provided in Federal Rule of Civil Procedure 5, and upon nonparties, as provided in Rule 4. *See Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012).

### III. DISCUSSION

The certificate of service attached to the suggestion of death indicates that it was served upon the deceased Appellee but on no one else. (*See* D.I. 24) Appellants apprised the Court that they monitored the Register of Wills for Kent County and no estate has been opened for Appellee and that counsel for Appellants is in the process of complying with 12 Del. C. § 1505(e) to appoint an administrator of Appellee's estate. (*See* D.I. 25, 28) However, Appellants have not indicated they have made efforts to identify Appellee's successors or representative and serve him or her as a non-parties.

The Court notes that Appellants were represented by the same attorney in a related State action against Appellee, *Nelson v. Kamara*, C.A. No. 08C-07-MMJ (Del. Super. Ct. June 30, 2009). The Superior Court's Opinion in that earlier case refers to testimony offered by Appellee

2

about his sister, mother, and father. Hence, it appears that Appellants have some knowledge of potential successors, *see* 12 Del. C. § 503, or representatives of the decedent, yet there is no indication they have taken steps to discover who these individuals might be and upon whom service would have been acceptable.

A majority of courts have broadly construed the service requirement and concluded that where opposing counsel – here, Appellant's counsel – files a notice of death for a deceased party – here, Appellee – he must serve the decedent's successor or, at minimum, undertake a good faith effort to identify an appropriate representative of the decedent. *See Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985); *Antoine v. V.I. Port Auth.*, 2008 WL 2872176, at * 3 (D.V.I. July 23, 2008) (relying upon majority rule); *Gruenberg v. Maricopa Cnty. Sheriff's Office*, 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008) (recognizing that defendants who file notice of death for deceased plaintiff are "required to take on some burden in locating [p]laintiff's representative or successor."); *Stanford v. Paulk*, 2006 WL 1651655, at *2 (M.D. Ga. June 7, 2006) (finding that the serving party must undertake a "thorough, good faith effort" to locate a deceased plaintiff's successor or representative); *see also Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) (finding that Rule 25(a) requires that suggestion of death be served on deceased party's successor, but declining to decide whether such service is required where appropriate persons could not be ascertained at time suggestion of death was made).[1]

---

[1] The minority view imposes no requirement on the party filing the notice of suggestion of death to identify the decedent's successors or heirs. *See, e.g., Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (Rule 25 does not require that suggestion of death identify successor or legal representative); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 600 (D. Kan. 2000) ("[T]he rule does not require that the non-party be named in the suggestion

Appellants' suggestion of death is "deficient because the suggestion was not served on the decedent's successors or representatives as required by Fed. R. Civ. P. 25(a)." *Giles*, 698 F.3d at 158; *see also Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir. 1989).

## V. CONCLUSION

Therefore, in the interest of expediting the disposition of this appeal, the Court will direct Appellants to advise of their efforts made to effectuate Rule 25(a) service upon Appellee's successors or representatives as is required. In addition, Appellants shall brief the issue of whether the death of Appellee extinguishes the bankruptcy appeal.

An order consistent with this memorandum will be issued.

Dated: March 14, 2014

_____
UNITED STATES DISTRICT JUDGE

---

of death, or that the certificate of service reflect the service of a non-party.").